**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DANIEL J. SATTIZAHN, ID # 36201-177,** | ) | |
| Movant, | ) | |
| vs. | ) | No. 3:09-CV-2405-L-BH |
| | ) | No. 3:07-CR-077-L (04) |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Movant, a federal inmate, filed a typed document entitled "Defendant's Motion for Relief under 28 USC 2255" on or about December 16, 2009. Because his specific claims for relief under 28 U.S.C. § 2255 were unclear from the filing, the Court issued a *Notice of Deficiency and Order* on January 21, 2010, notifying him that he had not submitted his motion on the appropriate form. The Court directed the Clerk to mail him a standard § 2255 form motion and ordered movant to complete and return the form within thirty days. The order specifically stated that a failure to comply could result in dismissal of this action. More than thirty days from the date of that order have passed, but movant has not filed a corrected § 2255 motion.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the order of

January 21, 2010, that he submit the appropriate standard form within thirty days. This shows that he does not intend to proceed with this case, and it should be dismissed without prejudice for petitioner's failure to prosecute.

### III.  RECOMMENDATION

The Court should dismiss this action without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED this 6th day of March, 2010.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE